O

# United States District Court
# Central District of California

| | |
|---|---|
| ADELA HERNANDEZ; JOEL HERNANDEZ; JESUS BALTAZAR; and ROBERTO PEREZ,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>WINSTAR PROPOERTIES, INC.; and MANHATTAN MANOR, LLC,<br><br>　　　　　　Defendants. | Case № 2:16-cv-04697-ODW-KS<br><br>**ORDER DENYING PLAINTIFFS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION [11]** |

## I.  INTRODUCTION

Presently before the Court is Plaintiffs Adela Hernandez, Joel Hernandez, Jesus Baltazar, and Roberto Perez's Ex Parte Application for a Temporary Restraining Order and Order to Show Cause re: Preliminary Injunction. (ECF No. 11.) Plaintiffs seek to restrain and enjoin Defendants Winstar Properties, Inc. and Manhattan Manor, LLC from evicting them from their homes. For the reasons set forth below, the Court **DENIES** Plaintiffs' application.

## II.  FACTUAL BACKGROUND

On September 21, 2012, Plaintiffs filed a complaint alleging violations of the federal Fair Housing Act ("FHA"), 42 U.S.C. §§ 3601, *et seq.*, against Defendants, in

1  relation to their notices to vacate the property located at 4330 City Terrace Drive, Los
2  Angeles, California, 90063. (First Am. Compl. ¶¶ 2–18, ECF No. 10.) On July 7,
3  2016, Plaintiffs filed an application for a Temporary Restraining Order ("TRO"),
4  seeking to prevent: 1) the issuance of writs of possession in Los Angeles Superior
5  Court, and 2) eviction from their homes. (ECF No. 11.)

6  Plaintiffs are all immigrants to the United States from Mexico and are
7  residential tenants of the subject property. (Compl. ¶ 2.) In January 2016, Defendant
8  Manhattan Manor, the new owner of the apartment building, served Plaintiffs with
9  notices of rent increase (the "Notice" or "Notices"), increasing Plaintiffs' monthly rent
10 by 63%, from $1,250 to $2,000, effective April 1, 2016. (Compl. ¶ 7.) Plaintiffs
11 claim that the only unit on the property not to receive a Notice was Unit 7, which is
12 occupied by tenants born in the United States. (Compl. ¶ 9.) Additionally, Plaintiffs
13 allege that the new rental price far exceeds that of comparable units in the area.
14 (Compl. ¶ 34.)

15 Plaintiffs were unable to pay the increased amount. (Compl. ¶ 11.) Plaintiffs
16 allege that Defendants' agent Alejandra Macedonio told Plaintiffs that even if they
17 were able to afford $2,000 a month, Defendants would continue to increase the rent
18 until the amount demanded was far beyond what Plaintiffs could afford. (Compl. ¶
19 33.) Soon thereafter, Defendant Manhattan Manor filed three separate complaints in
20 Los Angeles County Superior Court for unlawful detainer against each of the
21 Plaintiffs between April and June 2016 for nonpayment of rent. (Compl. ¶ 32.) The
22 actions are currently pending.

23 Plaintiffs filed their First Amended Complaint on July 7, 2016, alleging that
24 Defendants' rent-increase policy had a disparate impact on Latino immigrants,
25 because the policy, which permits Defendants to peg rental units at arbitrary and
26 artificially inflated rental values, disproportionately displaces Latino immigrants and
27 has no legitimate business purpose. (Compl. ¶¶ 36–40.)
28 ///

### III. LEGAL STANDARD

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A court may only grant such relief "upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To prevail, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm absent preliminary injunctive relief; (3) that the balance of equities tips in the moving party's favor; and (4) that preliminary injunctive relief is in the public interest (the "*Winter* factors"). *Id.* at 20. "Under *Winter*, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (original emphasis). In the Ninth Circuit, "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can [also] support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1132, 1135 (holding that the "sliding scale" test remains viable "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest").

### IV. ANALYSIS

The only relief requested in Plaintiffs' Application is, in essence, an injunction of the Superior Court Action. Specifically, Plaintiffs seek to enjoin "the parties" and not "the proceedings," however the practical effect is the same. If this Court granted the requested relief, it would effectively be staying the state court proceeding as well.

Numerous district courts have found that the Anti–Injunction Act, 28 U.S.C. § 2283, prohibits a federal district court from issuing a temporary restraining order staying unlawful detainer proceedings in state court. *See Farah v. Wells Fargo Home Mortgage*, 13–CV–1127 PSG, 2013 W L 1397405 (N.D. Cal. Apr. 5, 2013); *Michener v. Wells Fargo Home Mortgage*, C 12–2003 PJH, 2012 WL 3027538 (N.D. Cal. July

24, 2012); *Fajardo v. Ross*, 1:12–CV–00217–AWI, 2012 WL 2589244 (E.D. Cal. July 3, 2012); *Carrasco v. HSBC Bank USA, N.A.*, 2012 W L 646251 at *3–4 (N.D. Cal. Feb. 28, 2012); *Scherbenske v. Wachovia Mortgage, FSB*, 626 F. Supp. 2d 1052, 1059 (E.D. Cal. 2009).

The Anti–Injunction Act "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions." *Atl. Coast Line R.R. Co. v. Bhd of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970) (analyzing the three exceptions enumerated in 28 U.S.C. § 2283). These three exceptions are to be construed narrowly. *See Lou v. Belzberg*, 834 F.2d 730, 739; *Montana v. BNSF Ry. Co.*, 623 F.3d 1312, 1315 (9th Cir. 2010) ("[D]oubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state court action to proceed.") (internal quotations omitted).

Of the three exceptions to the Anti–Injunction Act, two are plainly inapplicable in this case. First, an exception is recognized when expressly authorized by Act of Congress. 28 U.S.C. § 2283. However, "there is no federal statute authorizing a district court to enjoin a state unlawful detainer action." *See Carrasco*, 2012 WL 646251 at *3 (citations omitted). Additionally, an exception is recognized "to protect or effectuate the court's judgment." 28 U.S.C. § 2283. However, the Court has yet to reach any judgment in this case.

The remaining exception applies when an injunction is "necessary in aid of a court's jurisdiction." 28 U.S.C. § 2283. This "necessary-in-aid-of-jurisdiction" exception is generally applied to in rem proceedings where subsequent state court proceedings might interfere with previously filed federal court jurisdiction over a *res*, in cases of advanced federal *in personam* litigation, or where a case is removed from state court. *See Negrete v. Allianz Life Ins. Co. of N. Am.*, 523 F.3d 1091, 1101 (9th Cir. 2008) (citing *Vendo Co. v. Lektro–Vend Corp.*, 433 U.S. 623, 641–42 (1977); *Fajardo*, 2012 WL 2589244 at *3. By contrast, courts have repeatedly found that this exception does not apply to stay unlawful detainer actions, especially previously filed

state court actions. *See Michener v. Wells Fargo Home Mortgage*, C 12–2003 PJH, 2012 WL 3027538 *4 (N.D. Cal. July 24, 2012) ("A party to an action in state court litigating possession of real property or the right to tenancy does not implicate this exception simply by filing, as here, an action purporting to litigate title to said property in federal court.") (citation omitted); *Scherbenske*, 626 F.Supp.2d at 1059 (citing Vendo Co., 433 U.S. at 641 (1977)). The Court finds that this exception is inapplicable in the instant case, in which Plaintiffs seek to enjoin a previously filed state court unlawful detainer action.

Absent an applicable exception, the Court finds that the Anti–Injunction Act bars Plaintiffs' requested relief, and Plaintiffs' Application is **DENIED**. (ECF No. 11.)

**IT IS SO ORDERED.**

July 15, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

5