O

# United States District Court
# Central District of California

| | |
|---|---|
| ADELA HERNANDEZ; JOEL HERNANDEZ; ALICIA BALTAZAR; and ROBERTO PEREZ,<br><br>Plaintiffs,<br><br>v.<br><br>WINSTAR PROPERTIES, INC.; and MANHATTAN MANOR, LLC,<br><br>Defendants. | Case No. 2:16-CV-04697-ODW-KS<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION [45] AND DENYING AS MOOT MOTION TO STRIKE OPPOSITION [48]** |

## I. INTRODUCTION

Pending before the Court is a Motion for Preliminary Injunction filed by Plaintiffs Adela Hernandez, Joel Hernandez, Alicia Baltazar, and Roberto Perez. (ECF No. 45.) Plaintiffs seek to enjoin Defendants from demanding rental payments of $2,000, as permitted by an order in the Los Angeles Superior Court. Because this Court cannot enjoin a state court order, the Court **DENIES** Plaintiffs' Motion.[1]

---

[1] Plaintiffs' Motion for Preliminary Injunction was noticed for a January 9, 2017, hearing date. (ECF No. 45.) On December 22, 2016, after considering Plaintiffs' unopposed brief, the Court deemed it appropriate for decision without oral argument and took it under submission. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. On January 9, 2017, Defendants filed an Opposition, which was

## II. FACTUAL BACKGROUND

Plaintiffs are tenants of three separate residential apartment units located in Los Angeles, California ("the Property"). (Compl. ¶ 2, ECF No. 1.) Plaintiffs have lived in their respective units for between two and twenty-four years. (*Id.*) Beginning on or about January 15, 2016, the Property changed ownership and management. (*Id.* ¶ 6.) Defendant Winstar Properties, LLC became the management company in charge of the Property, and Defendant Manhattan Manor, LLC became the Property owner. (*See id.* ¶¶ 5–6.)

On January 29, 2016, Defendants notified Plaintiffs that the rent for their respective apartment units would be increasing from $1,250 per month to $2,000 per month, beginning on April 1, 2016. (*Id.* ¶ 7.) Defendants provided similar notices to three additional units at the Property. (*Id.* ¶ 8.) Prior to April 1, 2016, the occupants of those three units vacated their apartments in order to avoid paying the rent increase. (*Id.* ¶ 11.) Plaintiffs, in addition to a tenant named Armando Javier who is now deceased, remained in their units but did not pay the rent increase demanded. (*Id.* ¶ 12.) As a result, Defendants initiated unlawful detainer proceedings against each of the Plaintiffs in Los Angeles Superior Court for non-payment of rent. (*Id.*)

Plaintiffs Adela Hernandez and Joel Hernandez vacated their unit prior to trial in the unlawful detainer proceeding. (Grynberg Decl. ¶ 7, Ex. 4, ECF No. 45.) However, in the jury trials against Perez and Baltazar, both juries found that Winstar Properties and Manhattan Manor had breached the warranty of habitability at the units, and they retroactively reduced Perez's and Baltazar's respective rent payments accordingly. (*Id.* ¶¶ 4, 5, Ex. E.) Then, on November 18, 2016, Judge C. Edward Simpson of Los Angeles Superior Court ordered that Manhattan Manor be permitted to demand monthly rental payments of up to $2,000 for Unit 1 at the Property, in light of the court's finding that they had substantially complied with an order requiring

---

untimely by sixteen days. (ECF No. 47.) As a result of the untimeliness, the Court declines to consider Defendants' Opposition. C.D. Cal. L.R. 83-7.

them to make repairs to the unit. (*Id.* ¶ 6, Ex. F.)

Prior to the Superior Court's order allowing higher rental payments, Plaintiffs filed their Complaint in this action, on June 28, 2016, for violations of the Federal Fair Housing Act. (ECF No. 1.) As a result of the state court's order, Plaintiffs now seek relief in this Court in the form of a preliminary injunction against the rental increase.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs the issuance of preliminary injunctions. An injunction is an exercise of a court's equitable authority which should not be invoked as a matter of course, but "only after taking into account all of the circumstances that bear on the need for prospective relief." *Salazar v. Buono*, 559 U.S. 700, 714 (2010). To obtain a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of the equities tips in the moving party's favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. The moving party bears the burden of meeting all four *Winter* elements. *DISH Network v. FCC*, 653 F.3d 771, 776–77 (9th Cir. 2011).

### IV. DISCUSSION

Here, the injunction Plaintiffs seek would prohibit Defendants from raising the rental payments, an action that the Los Angeles Superior Court already determined Defendants have the right to do. (*See* Grynberg Decl. ¶ 6, Ex. F.) This implicates the Anti-Injunction Act, which embodies the longstanding rule against federal courts enjoining state court action. *See Mitchum v. Foster*, 407 U.S. 225, 235–36 (1972). "The Act's purpose is to forestall the inevitable friction between the state and federal courts that ensues from the injunction of state judicial proceedings by a federal court." *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977). An exception to the Act

exists where a federal court's injunction would carry out the will of Congress under other federal laws. *Mitchum*, 407 U.S. at 234.

Plaintiffs have not identified any reason why their case triggers this exception, and neither can the Court identify one. Because of the prohibition against injunctions of this nature, Plaintiffs cannot meet the first *Winter* element: likelihood of success on the merits. The relief sought is prohibited by federal law, and as such, there is no likelihood that Plaintiffs could succeed on the merits here. This alone warrants denial of Plaintiffs' Motion.

## V.  CONCLUSION

For the reasons discussed above, the Court hereby **DENIES** Plaintiffs' Motion for Preliminary Injunction. (ECF No. 45.) In addition, because the Court declined to consider Defendants' untimely Opposition, Plaintiffs' Motion to Strike the Opposition is **DENIED AS MOOT**. (ECF No. 48.)

**IT IS SO ORDERED.**

January 24, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**