O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADELA HERNANDEZ; JOEL HERNANDEZ; ALICIA BALTAZAR; and ROBERTO PEREZ,<br><br>Plaintiffs,<br><br>v.<br><br>WINSTAR PROPERTIES, INC.; AND MANHATTAN MANOR, LLC,<br><br>Defendants. | Case No. 2:16-cv-04697-ODW (KSx)<br><br>**ORDER DENYING MOTION TO EXTEND TIME TO FILE THE EXPERT REPORT OF MICHAEL D. GUTTENTAG PURSUANT TO FRCP 26(a)(2)(B) [61]** |

## I. INTRODUCTION

Pending before the Court is a Motion to Extend Time to File the Expert Report of Michael D. Guttentag pursuant to Federal Rule of Civil Procedure 26(a)(2)(B), filed by Defendants Winstar Properties, Inc., and Manhattan Manor, LLC. (ECF No. 61.) Defendants missed the July 17, 2017, deadline to submit their rebuttal expert witness report in accordance with the Court's Scheduling Order, and now Defendants request an additional ten days from the entry of this order to late-file and late-submit the expert report. (ECF No. 43; Mot. 6.) Because Defendants have failed to prove excusable neglect such that the Court may find good cause to extend the expert discovery in this case, the Court **DENIES** Defendants' Motion.

1

## II. FACTUAL BACKGROUND

Plaintiffs Adela Hernandez, Joel Hernandez, Jesus Baltazar, and Roberto Perez are tenants of three separate residential apartment units located in Los Angeles, California ("the Property"). (First Am. Compl. ¶ 2, ECF No. 10.) Plaintiffs have lived in their respective units for between two and twenty-four years. (*Id.*) Defendants purchased the Property in January 2016, and two weeks later Defendants notified Plaintiffs that their respective rents would increase from $1,250 per month to $2,000 per month beginning April 1, 2016. (*Id.* ¶¶ 6-7.) Defendants also provided similar notices to four additional units at the Property. (*Id.* ¶ 8.)

Prior to the April 1, 2016, rent increase, the tenants of three separate units vacated their apartments in order to avoid paying the higher rent. (*Id.* ¶ 11.) Plaintiffs remained in their respective units following the rent increase, but they did not pay Defendants the increased rental amount. (*Id.* ¶¶ 11-12.) Subsequently, Plaintiffs brought this action alleging that Defendants' acts related to the rent increase violate the federal Fair Housing Act. (*Id.* ¶ 75.)

In accordance with Federal Rule of Civil Procedure 16, in November 2016 the Court advised the parties and counsel of the schedule that would govern this case. (ECF No. 43.) The Order provides in pertinent part that the discovery cut-off date for all expert discovery in this case was August 21, 2017. (*Id.*) The Order also provides that "[r]ebuttal expert witnesses shall be designated and reports provided as required by Rule 26(a)(2)(B) not later than five weeks prior to the discovery cut-off date." And, most critically, the Order advises the parties and counsel that, "***[f]ailure to timely comply with deadlines may result in the expert being excluded as a trial witness.***" (*Id.* ¶ 5(d) (emphasis added).)

Pursuant to the Court's Scheduling Order, Plaintiffs designated their affirmative expert and filed their report within their June 26, 2017, deadline. (ECF No. 43; ECF No. 54). Despite that, Defendants missed their July 17, 2017, deadline to designate

and file the report of a rebuttal expert. Subsequently, Defendants filed the instant motion requesting an additional ten days to file their expert report.

### III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), when a court sets a deadline, it may, for good cause, extend a party's time if "the party failed to act because of excusable neglect." District courts have discretion in determining whether or not good cause exists because of excusable neglect. *See generally Pincay v. Andrews*, 389 F.3d 853 (9th Cir. 2004). Moreover, the determination of whether a party's negligence is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395 (1993); *see also Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 824-825 (9th Cir. 1996) (holding that the Supreme Court's analysis of "excusable neglect" applies to Rule 6(b)). Relevant considerations include "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395.

Excusable neglect is an "equitable concept," but "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994), *as amended on denial of reh'g* (Apr. 8, 1994) (district court abused its discretion by determining that attorney's failure to meet an unambiguous deadline was excusable under Rule 6(b)). Generally, it is inexcusable for a party to miss an unambiguous deadline. *Id.*

### IV. DISCUSSION

In the instant case, Defendants have failed to prove excusable neglect such that the Court may find good cause to extend the expert discovery deadline. The crux of Defendants' argument is that because Plaintiffs submitted their affirmative expert witness designation and report at the end of the deadline to do so—rather than early—

Defendants lacked sufficient time to locate a rebuttal expert witness and provide a report before their deadline. (*See* Mot.) Defendants also contend that if their request for an extension is denied, Defendants will incur "irreparable prejudice." (*Id.* at 6.)

Under *Pioneer*, the prejudice to the non-movant is actually the relevant consideration—one Defendants do not address in their Motion. *See Pioneer Inv. Servs. Co.*, 507 U.S. at 395. Presently, Defendants request that the court extend the deadline for the rebuttal expert witness report by ten days. (*Id.*) And, as Plaintiffs pointed out in their Response to Defendants' Motion, the discovery cut-off date for this case was August 21, 2017, and that date has passed. (ECF No. 65.) Thus, if the Court granted the Defendants' requested extension to file the expert report Plaintiffs would be unfairly prejudiced, as they would be precluded from conducting additional expert discovery in this case.

In addition to any prejudice that an extension might cause to the non-movant, the Court must also consider "the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. Here, Defendants fail to provide reasons which show good cause for an extension by proving that the delay was outside of their reasonable control, or by demonstrating that the delay was in good faith. First, Defendants contend that the reason for the delay in providing the expert report is that they had "inadequate time" to prepare a "meaningful report." (Mot. at 6.) Defendants' contention that they lacked sufficient time to prepare a report, even considering that Plaintiffs provided their affirmative expert witness report in a timely manner (albeit toward the end of the period in which they were permitted to provide the report), amounts to an argument that Defendants lack the resources to meet the Court's deadlines in these proceedings. (*Id.*) In light of the fact that Defendants received Plaintiffs' First Amended Complaint over one year ago, Defendants should have been put on notice that this case involves alleged violations of the Fair Housing Act, which may be based on statistical analysis. (*See* ECF No. 1.) Thus, Defendants'

acknowledgement that they did not begin their search for a rebuttal expert witness that possesses the specialized knowledge and expertise required for this case until the very last minute does not convince the Court that the delay was caused by reasons outside of Defendants' reasonable control. (*See* Mot. at 5.)

But ultimately, Defendants' Motion fails because absent a "dramatic ambiguity" in the Court's scheduling order, Defendants' failure to meet the Court's unambiguous deadline is inexcusable. *Campbell Soup Co.*, 28 F.3d at 931. Defendants have not presented a single argument advancing the idea that the cut-off date for expert discovery in this case was ambiguous. Thus, Defendants' request is not in the interest of justice and speedy termination of this litigation and should be denied.

### V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendants' Motion to Extend Time to File the Expert Report of Michael D. Guttentag pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). (ECF No. 61.)

**IT IS SO ORDERED.**

August 30, 2017

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**